**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6959**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

COURTNEY OMAR BOYD, a/k/a Omar,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Mark S. Davis, District
Judge.  (4:06-cr-00005-MSD-FBS-3; 4:11-cv-00140-MSD)

Submitted:  October 22, 2015      Decided:  November 5, 2015

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Courtney Omar Boyd, Appellant Pro Se.  Eric Matthew Hurt,
Assistant United States Attorney, Newport News, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Omar Boyd appeals the district court's order dismissing his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The court construed the Rule 60(b) motion as a successive § 2255 motion. We have reviewed the record and conclude that Boyd's motion was not a true Rule 60(b) motion, but in substance a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). Boyd is therefore not required to obtain a certificate of appealability to appeal the district court's order. See McRae, 793 F.3d at 400. As noted by the district court, in the absence of prefiling authorization from this court, it lacked jurisdiction to hear Boyd's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Additionally, we construe Boyd's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

2

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Boyd's claims do not satisfy either of these criteria.  Therefore, we deny authorization to file a successive § 2255 motion.  Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED